UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| USGEN NEW ENGLAND, INC.<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL O. LEAVITT, ADMINISTRATOR, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and UNITED STATES ENVIRONMENTAL PROTECTION AGENCY REGION I<br><br>Defendants. | **COMPLAINT**<br><br>04 12225 RCL |

1. Plaintiff USGen New England, Inc. ("USGenNE") brings this action pursuant to section 505(a)(2) of the Clean Water Act ("CWA" or "Act"), 33 U.S.C. § 1365(a)(2), for an order requiring the Administrator of the Environmental Protection Agency (the "Administrator") to perform his non-discretionary duty under CWA sections 402(a)(1), 33 U.S.C. § 1342(a)(1) ("Section 402(a)(1)") and 316(a), 33 U.S.C. § 1326(a) ("Section 316(a)"), and precedent of the United States Court of Appeals for the First Circuit to provide an evidentiary hearing to determine the terms of a National Pollution Discharge Elimination System ("NPDES") permit to regulate the withdrawal of cooling water and thermal discharge of Brayton Point Station, an electrical generating facility operated by USGenNE in Somerset Massachusetts.

## PARTIES

2.   USGenNE is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Bethesda, MD.

3.   Defendant Michael O. Leavitt is named in his official capacity as the Administrator of the United States Environmental Protection Agency (the "EPA").

4.   Defendant EPA is the United States agency responsible for implementing the CWA, including the requirements of Section 402(a)(1) and Section 316(a).

5.   Defendant EPA Region I ("Region I") has delegated responsibility for conducting NPDES proceedings and issuing NPDES permits for facilities in Massachusetts, including Brayton Point Station.

## JURISDICTION AND VENUE

6.   The Court has subject matter jurisdiction over USGenNE's claims pursuant to 33 U.S.C. § 1365(a)(2).

7.   In accordance with 33 U.S.C. § 1365(b)(2), USGenNE gave written notice to the Administrator of its intent to commence this action on August 11, 2004 and more than sixty (60) days have passed since that date.

8.   The Administrator has not responded to USGenNE's August 11, 2004, notice letter.

9.   Venue is proper in this judicial district under 28 U.S.C. § 1391(e) because:

(a) the defendants are officers or agencies of the United States; and,

(b) the claim concerns an NPDES proceeding conducted by Region I in Massachusetts for a Massachusetts facility.

## CLAIM FOR RELIEF

10.     Brayton Point Station is an electrical generating facility located in Somerset, Massachusetts that withdraws cooling water from the Lees and Taunton Rivers and discharges cooling water to Mount Hope Bay.

11.     Brayton Point Station has been in operation since the 1960s. Since enactment of the CWA, Brayton Point Station has been authorized to withdraw and discharge cooling water pursuant to a series of NPDES permits issued under Section 402(a)(1). Those permits have incorporated, among other requirements, alternative thermal effluent limits determined under Section 316(a) and cooling water intake limits that permitted open-cycle or once-through cooling.

12.     In 1998, Brayton Point Station timely applied for renewal of its NPDES permit. USGenNE subsequently submitted scientific and technical evidence supporting its proposed permit limits for cooling water intake and discharge, including alternative thermal effluent limits determined under Section 316(a).

13.     On October 6, 2003, Region I issued a final NPDES permit for Brayton Point Station (the "Permit"). The Permit rejected the alternative thermal effluent limits requested by the Plaintiff.

14.     Pursuant to the express language of Sections 402(a)(1) and 316(a) of the CWA, issuance of NPDES permits generally and of alternative effluent thermal limits specifically is authorized only "after opportunity for public hearing."

15.     In *Seacoast Anti-Pollution League v. Costle*, 572 F.2d 872 (1st Cir. 1978), the Court of Appeals for the First Circuit authoritatively and unambiguously construed the "public

hearing" provisions of CWA Sections 316(a) and 402(a)(1) to require an evidentiary hearing meeting the requirements of Administrative Procedures Act ("APA") sections 5 U.S.C. § 553, 554, 556 and 557.

16. Under section 509(b)(1) of the CWA, 33 U.S.C. 1369(b)(1), review of the Permit lies within the First Circuit. Nonetheless, the Region failed to conduct an evidentiary hearing prior to issuance of the Permit, as required by the First Circuit.

17. On November 4, 2003, USGenNE timely sought administrative review of the Permit by petition to the Environmental Appeals Board ("EAB") pursuant to 40 CFR § 124.19(a), which authorizes EAB review of permits presenting findings of fact or conclusions of law alleged to be clearly erroneous. The petition identified numerous errors in the scientific and legal grounds put forward by the Region in support of its determination of the permit limits governing Brayton Point Station's withdrawal and discharge of cooling water. At the same time it submitted its petition, USGenNE requested that the omission of an evidentiary hearing meeting the requirements of *Seacoast* be remedied either by an order of the EAB directing a hearing by the Region or by an evidentiary hearing conducted by the EAB or the Administrator of EPA.

18. In an order dated February 20, 2004, the EAB accepted USGenNE's petition for review of the Permit.

19. Following briefing by USGenNE and Region I, the EAB, in a final order dated July 23, 2004, denied USGenNE's request for an evidentiary hearing on the ground that EPA regulations no longer provided the opportunity for an evidentiary hearing meeting the requirements of *Seacoast* prior to issuance of permits under Section 402(a)(1) or alternative thermal effluent limits under Section 316(a). The EAB declined to address the effect of precedent of the First Circuit Court, including *Seacoast* and *Dantran, Inc. v. U.S. Dep't of Labor*,

246 F.3d 36, 48 (1st Cir. 2001), confirming that the opportunity for evidentiary hearings prior to final issuance of NPDES permits is required with respect to permit applications originating within the First Circuit's jurisdiction.

20. On August 11, 2004, USGenNE provided written notice to Michael O. Leavitt, Administrator of EPA, of its intent to file suit pursuant to 33 U.S.C. 1365(a)(2) for an order directing EPA to provide an evidentiary hearing consistent with the requirements of the CWA as applied within the jurisdiction of the United States Court of Appeals for the First Circuit. No response has been received to this notice.

21. Under the CWA as interpreted by the United States Court of Appeals for the First Circuit, the failure of EPA and the Region to provide USGenNE with an evidentiary hearing meeting the requirements of sections 553, 554, 556 and 557 of the APA at which the conditions of an NPDES permit and any alternative thermal effluent limits may be determined, is a violation of a non-discretionary duty.

22. Pursuant to 33 U.S.C. § 1365(a) this court is authorized to order EPA to perform any act or duty that is not discretionary with the agency.

23. By reason of the foregoing, USGenNE is entitled to an order directing EPA to afford USGenNE the opportunity for an evidentiary hearing consistent with the requirements of *Seacoast*.

WHEREFORE, USGenNE prays for relief against the Defendants as follows:

(1) For an order directing the Administrator to provide, or to order the EAB or the Region to provide, an evidentiary hearing meeting the requirements of the CWA as applicable to NPDES proceedings under decisions of the First Circuit Court of Appeals; and

(2)   For such other relief as the Court may deem just and proper.

> By its attorneys,
>
> _____
> Wendy B. Jacobs (No. 46273)
> John M. Stevens (No. 30912)
> Randall E. Kromm (No. 85630)
> FOLEY HOAG LLP
> 155 Seaport Boulevard
> Boston, MA 02210
> (617) 832-1000

Date: October 22, 2004

FHBoston/1090622.1

# FEDERAL RULES OF CIVIL PROCEDURE RULE 7.1 DISCLOSURE STATEMENT

Docket No. 04-_____

USGen New England, Inc. v. Michael O. Leavitt, Administrator, United States Environmental Protection Agency et al.

The undersigned counsel for USGen New England, Inc. furnishes the following information pursuant to Rule 7.1 of the Federal Rules of Civil Procedure.

USGen New England, Inc. is a wholly-owned indirect subsidiary of National Energy & Gas Transmission, Inc., which is a wholly-owned subsidiary of PG&E Corporation. Further, PG&E Corporation indirectly owns approximately one hundred percent of the stock of USGen New England, Inc.

Respectfully submitted,

_/s/ Randall E. Kromm_
Wendy B. Jacobs (No. 46273)
John M. Stevens (No. 30912)
Randall E. Kromm (No. 85630)
Foley Hoag LLP
155 Seaport Boulevard
Boston, Massachusetts  02210
(617) 832-1000

Attorneys for Petitioner

# FEDERAL RULES OF CIVIL PROCEDURE RULE 7.1 DISCLOSURE STATEMENT

Docket No. 04-_____

USGen New England, Inc. v. Michael O. Leavitt, Administrator, United States Environmental Protection Agency et al.

The undersigned counsel for USGen New England, Inc. furnishes the following information pursuant to Rule 7.1 of the Federal Rules of Civil Procedure.

USGen New England, Inc. is a wholly-owned indirect subsidiary of National Energy & Gas Transmission, Inc., which is a wholly-owned subsidiary of PG&E Corporation. Further, PG&E Corporation indirectly owns approximately one hundred percent of the stock of USGen New England, Inc.

Respectfully submitted,

_____
Wendy B. Jacobs (No. 46273)
John M. Stevens (No. 30912)
Randall E. Kromm (No. 85630)
Foley Hoag LLP
155 Seaport Boulevard
Boston, Massachusetts 02210
(617) 832-1000

Attorneys for Petitioner