UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| USGEN NEW ENGLAND, INC.,<br><br>               Plaintiff,<br>v.<br><br>MICHAEL O. LEAVITT, Administrator,<br>U.S. Environmental Protection Agency,<br>U.S. ENVIRONMENTAL PROTECTION<br>AGENCY, and REGION I of the U.S.<br>Environmental Protection Agency,<br><br>               Defendants. | Civil Action No. 04-12225-RCL |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendants the U.S. Environmental Protection Agency, Michael O. Leavitt in his capacity as Administrator, and Region I of the Environmental Protection Agency (collectively "EPA") respectfully submit this memorandum in support of their Motion to Dismiss the complaint of Plaintiff, USGen New England, Inc. ("USGen"), pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

### INTRODUCTION

This purported citizen's suit is USGen's second attempt to obtain judicial review of an interlocutory decision of the EPA's Environmental Appeals Board ("EAB") denying USGen's motion for an evidentiary hearing in ongoing proceedings regarding the terms of the non-final National Pollutant Discharge Elimination System ("NPDES") permit for its Brayton Point power plant ("Brayton Plant"). The Clean Water Act ("CWA"), 33 U.S.C. §§ 1251-1387, only requires

that an opportunity for a "public hearing" be provided before a final permit is issued or alternative thermal effluent limits are imposed. EPA amended its procedural regulations in May of 2000 to retain the use of legislative public hearings before hearing officers at which interested persons provide testimony and submit materials to the EPA, but to eliminate the use of evidentiary hearings ("Hearing Rule"). Amendments to Streamline the National Pollutant Discharge Elimination System Program Regulations: Round Two, 65 Fed. Reg. 30,886 (May 15, 2000).

The Hearing Rule was not challenged within the statutorily-prescribed 120-day judicial review period. Nonetheless, when USGen appealed the provisions of the proposed permit for the Brayton Plant to the EAB, it also moved the EAB to hold an evidentiary hearing in addition to the two legislative hearings that already had been held. When that motion was denied by interlocutory order, USGen petitioned the U.S. Court of Appeals for the First Circuit for judicial review of that order pursuant to 33 U.S.C. § 509(b)(1)(F). EPA filed an unopposed Motion to Dismiss for lack of subject matter jurisdiction on the grounds that the appeal was premature, and USGen subsequently consented to its dismissal which was entered on September 29, 2004.

This purported citizen's suit, which raises essentially the same issues and seeks the same ultimate relief based on CWA sections 316(a) and 402(a)(1), also should be dismissed for lack of subject matter jurisdiction and failure to state a claim on which relief can be granted. First, USGen's demand for an evidentiary hearing constitutes both an untimely challenge to the Hearing Rule, and an impermissible, premature appeal of an interlocutory order issued in an ongoing EAB proceeding. Most importantly, however, CWA sections 509(b)(1)(E) and (b)(1)(F), respectively, grant exclusive jurisdiction over these claims to the U.S. Circuit Courts of

Appeal. Second, CWA citizen's suits can only be maintained where EPA has failed to act altogether, but USGen's Complaint merely challenges the <u>manner</u> in which EPA complied with sections 316(a) and 402(a) (<u>i.e.</u>, by providing two legislative public hearings rather than one evidentiary one). USGen's Complaint therefore should be dismissed with prejudice.

## FACTUAL STATEMENT

**I.    Legal Background**

The NPDES permit program regulates the emission of pollutants into waterways of the United States by, among other things, imposing specific limitations on the emission of pollutants and the intake of water by facilities such as USGen's Brayton Point electrical generating plant ("Brayton Plant"). 33 U.S.C. §§ 1311, 1326(a),(b), 1342(a). NPDES permits are issued for fixed terms, and requests for renewal permits are considered using the same procedures as for new permit applications. 40 C.F.R. § 124.3.

Prior to issuing final NPDES permits, including renewal permits, EPA must provide an "opportunity for public hearing" pursuant to CWA sections 316(a) and 402(a)(1). 33 U.S.C. §§ 1326(a), 1342(a)(1). Through notice-and-comment rulemaking, EPA issued the final Hearing Rule on May 15, 2000, repealing the procedural regulations at 40 C.F.R. Part 124 that provided for evidentiary hearings to challenge the terms of proposed permits, but retaining the legislative-type hearings provided in other EPA permit programs.[1]  65 Fed. Reg. 30,886 <u>et. seq.</u> The

---

[1] <u>See</u> (Proposed Rule) Amendments to Streamline the National Pollutant Discharge Elimination System Program Regulations: Round Two, 61 Fed. Reg. 65,268, 65,276, 65,281 (Dec. 11, 1996) ("there will be no further opportunity to request an evidentiary hearing" in future permit appeals); 45 Fed. Reg. 33,290, 33,405 (May 19, 1980) (explaining that while legislative hearings were used for all permit programs, including the Clean Air Act, the Resource Conservation and Recovery Act, and other permit programs under the CWA, evidentiary

(continued...)

Hearing Rule was only subject to challenge in the U.S. Circuit Courts of Appeals for 120 days after May 30, 2000, and no challenges were filed during that time. 33 U.S.C. § 1369(b)(1)(E); 40 C.F.R. § 23.2; see 65 Fed. Reg. at 30,886 (Dates section). Therefore, only legislative, rather than evidentiary, public hearings have been provided by EPA since its effective date.

After EPA considers an application based on the administrative record, which includes information adduced at legislative public hearings, the appropriate EPA Regional Office issues a permit which becomes final if not appealed. 40 C.F.R. § 124.15. Applicants then may petition the EAB to address issues that were raised during the public comment period. 40 C.F.R. § 124.19. If the EAB accepts their petition, the proposed permit is non-final and non-appealable for judicial review purposes until the resulting EAB proceedings are concluded. 40 C.F.R. §§ 124.16, 124.19(f)(1); see State of Rhode Island v. EPA, 378 F.3d 19, 22-23 (1st Cir. 2004) (challenge to another interlocutory order issued in the same ongoing EAB proceeding). When those proceedings are concluded, interested persons may challenge the permit in the appropriate U.S. Circuit Court of Appeals. 33 U.S.C. § 1369(b)(1)(F).

## II.    The Brayton Plant NPDES Renewal Proceedings

USGen's Brayton Plant has operated since the 1960s pursuant to a series of NPDES permits regulating, among other things, the volume of cooling water drawn from the Lees and Taunton Rivers and the amount of thermal pollution emitted when that water is released into Mt. Hope Bay. Complaint, Para. 11; In re: USGen New England, Inc. Brayton Point Station, 11 E.A.D. ___, NPDES Appeal No. 03-12, Slip Op. at 10-11 (E.A.B. July 23, 2004) (EAB decision

---

[1](...continued)
hearings only were available for NPDES permits). See also 40 C.F.R. §§ 124.12, 124.19 (current regulations).

at issue denying USGen's motion for evidentiary hearing).[2] EPA issued a draft renewal permit for the Brayton Plant on July 22, 2003, and held two legislative public hearings before a hearing officer in which USGen presented oral testimony, written testimony, and additional written materials to EPA. In re USGen, Slip Op. at 49 & n.59; see 40 C.F.R. § 124.12.

EPA Region I then issued a permit on October 6, 2003, and USGen petitioned the EAB for review of numerous terms. In re: USGen, Slip Op. at 10. This petition was granted on February 19, 2004. Id. at 11. USGen also filed a motion before the EAB seeking an evidentiary hearing on the grounds that it had a statutory right to such a hearing which was not eliminated by the Hearing Rule. Id. The EAB issued an interlocutory Order denying USGen's motion on July 23, 2004, on the grounds that USGen's demand for an evidentiary hearing was, in effect, a challenge to the Hearing Rule that should have only been raised in a U.S. Circuit Court of Appeals within 120 days after May 30, 2000. Id. at 52. The EAB's proceedings are still pending, and no final, appealable Order has issued for purposes of judicial review. 40 C.F.R. § 124.16; State of Rhode Island, 378 F.3d at 23, n.3.

### III.  USGen's Previous Attempt to Obtain Judicial Review of the EAB's Interlocutory Order

On August 19, 2004, USGen petitioned the First Circuit for review pursuant to CWA section 509(b)(1)(F) of the EAB's interlocutory Order denying an evidentiary hearing on essentially the same grounds urged in the Complaint in this matter. USGen New England, Inc. v. EPA, Case No. 04-2116 (D.C. Cir.). USGen consented to the dismissal of its petition after EPA

---

[2] A courtesy copy of this decision is attached hereto as Exhibit A. The decision also may be accessed through the EAB at http://www.epa.gov/eab/alpha.htm.

moved for a summary disposition on the grounds that the appeal was premature,[3] and now has restyled its petition as a citizen's suit in this Court.

## STANDARD OF REVIEW

In resolving motions to dismiss for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the Court must construe the Complaint liberally, granting Plaintiff the benefit of any reasonable inferences that can be derived from the facts alleged. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996). Regardless, the plaintiff must shoulder the burden of demonstrating the existence of subject matter jurisdiction, and cannot do so based "merely on . . . interpretations of law". Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995), cert denied 515 U.S. 1144 (1995) (citing Washington Legal Found. v. Mass. Bar Found., 993 F.2d 962, 971 (1st Cir. 1993); see also Excel Home Care Inc. v. DHHS, 316 B.R. 565, 567-68 (D. Mass. 2004).

Similarly, dismissal for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) is warranted if it appears that the plaintiffs can prove no facts that would entitle them to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see Gorski v. New Hampshire Dep't of Corrections, 290 F.3d 466, 473 (1st Cir. 2002). The Court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations. Papasan v. Allain, 478 U.S. 265, 286 (1986); Kowal v. MCI Communications Corp.,

---

[3] In the event that USGen appeals the Brayton Plant permit to the First Circuit at the conclusion of the ongoing EAB proceedings, EPA expressly reserves its right to defend that appeal on the ground, among others, that USGen's request for an evidentiary hearing constitutes an untimely challenge to the Hearing Rule.

16 F.3d 1271, 1276 (D.C. Cir. 1994); see generally 2A J. Moore & J. Lucas, Moore's Federal Practice ¶ 12.07, 12-64 & n.6 (1985).

## ARGUMENT

I.  **This Court Does Not Have Subject Matter Jurisdiction Over USGen's Untimely Challenge to the Hearing Rule**

USGen's Complaint should be dismissed as an untimely challenge, brought in the wrong court, to EPA's Hearing Rule which eliminated the right to evidentiary hearings and the procedures by which they were conducted. The Hearing Rule specifically eliminated the NPDES regulations at 40 C.F.R. Part 124, Subpart E, that authorized and specified the procedures for evidentiary public hearings regarding the terms of proposed NPDES permits. The Hearing Rule also left in place the NPDES regulations providing for legislative public hearings before a hearing officer, at which interested persons could offer oral testimony and make submissions to the EPA. 65 Fed. Reg. at 30,896-900; In re: USGen, Slip Op. at 21-22; 61 Fed. Reg. at 65,275-82.

The Hearing Rule promulgated NPDES procedural regulations under the authority of the entire CWA, including 33 U.S.C. §§ 1311, 1312, 1316 and 1345. 65 Fed. Reg. at 30,910. It therefore is an "effluent limitation or other limitation" which is subject to judicial review pursuant to CWA section 509(b)(1)(E). NRDC v. EPA, 673 F.2d 400, 402 & n.1, 405 & n.15, 407 (D.C. Cir. 1982) (Section 509(b)(1)(E) applies to all NPDES program regulations in 40 C.F.R. §§ 122-125, not only numeric effluent limitations, and "the case for first-instance judicial review in a court of appeals is stronger for broad, policy-oriented rules than for specific, technology-based rules"); NRDC v. EPA, 966 F.2d 1292, 1297 (9th Cir. 1992) (Section

509(b)(1)(E) jurisdiction extends to "rules that regulate the underlying permit procedures"); Trustees for Alaska v. EPA, 749 F.2d 549, 550 (9th Cir. 1984); Va. Electric & Power Co. v. Costle, 566 F.2d 446, 447-51 (4th Cir. 1977); Riverkeeper, Inc. v. EPA, 358 F.3d 174, 183-84 (2nd Cir. 2004); NRDC v. EPA, 656 F.2d 768, 776 (D.C. Cir. 1981).

Section 509(b)(1)(E) in turn vests exclusive jurisdiction over challenges to such rules in the U.S. Circuit Courts of Appeal. E.I. DuPont de Nemours & Co. v. Train, 528 F.2d 1136, 1137 n.1 (4th Cir. 1974), aff'd, 430 U.S. 112 (1977) (judicial review is granted exclusively to the U.S. Circuit Courts of Appeal, and there is "nothing in the statute to indicate that Congress intended . . . concurrent jurisdiction" with the District Courts); American Petroleum Inst. v. Train, 526 F.2d 1343, 1344-45 (10th Cir. 1975) (affirming district court finding of no jurisdiction on the grounds that it is "clear that judicial review of regulations . . . lies exclusively in the court of appeals"); NRDC v. Zeller, 688 F.2d 706, 711 (11th Cir. 1982) (noting that the plaintiffs "properly concede they could not attack the regulation in the district court"); Trustees for Alaska, 749 F.2d at 558-59. Because the federal courts may only exercise that jurisdiction granted to them by statute,[4] this Court may not exercise jurisdiction over USGen's claims if it finds that they constitute a challenge to the Hearing Rule.

USGen's demand for the very type of hearing eliminated by the Hearing Rule clearly constitutes a challenge to that rule. For over 20 years, the appellate courts have held that

---

[4] State of Rhode Island, 378 F.3d at 22, 29 n.3 (federal courts have limited jurisdiction and can "hear cases only if and to the extent that they are authorized to do so by statute") (citing Am. Fiber & Finishing v. Tyco Healthcare Group, 362 F.3d 136, 138 (1st Cir. 2004) and Bell v. New Jersey, 461 U.S. 773, 777 (1983)); E.I. DuPont de Nemours & Co., 528 F.2d at 1142 (citing Whitney Nat'l Bank in Jefferson Parish v. Bank of New Orleans & Trust Co., 379 U.S. 411, 420, 422 (1965)), American Petroleum Inst., 526 F.2d at 1345.

challenges to EPA actions taken in accordance with NPDES regulations are challenges to those underlying regulations. In Trustees for Alaska, 749 F.2d at 559, the Ninth Circuit held that when EPA acts in compliance with a regulation during NPDES permit proceedings, a challenge to the EPA's action is a challenge to the underlying regulation, and is untimely if not brought within 120 days after the regulation was promulgated. Similarly, in NRDC v. Zeller the Eleventh Circuit held that an argument that the agency violated a statute when acting in compliance with its CWA regulations is an attack on the validity of the regulations, "regardless of how that argument might be couched." 688 F.2d at 711. Thus, the Eleventh Circuit reversed a district court's determination that an agreement entered into in compliance with a CWA regulation violated the National Environmental Policy Act, since invalidating the agreement "leads necessarily to invalidating the regulation, which the district court had no jurisdiction to do." Id.

Similarly, in the context of the Clean Air Act, 42 U.S.C. §§ 7401-7671q, which has a directly analogous citizen's suit provision,[5] the D.C. Circuit held a claim that the EPA had a non-discretionary duty to revise a Clean Air Act regulation to be a challenge to that regulation. Oljato Chapter of the Navajo Tribe v. Train, 515 F.2d 654 (D.C. Cir. 1975). In affirming the district court's dismissal for lack of subject matter jurisdiction, the Court noted that while the plaintiff had sought to escape the "obvious conclusion that they [were] challenging the validity of the [regulation]" by bringing a nondiscretionary duty claim, the action was actually a challenge to the regulation "whether labeled a direct challenge" or not. Id. at 659, 664-65.

---

[5] NRDC v. Train, 510 F.2d 692, 701-702 & n.46, n.47 (D.C. Cir. 1974) (CWA citizen's suit provision "was explicitly modeled on the provision enacted in the [Clean Air Act]")). Compare 42 U.S.C. §§ 7604 and 7607 (Clean Air Act) with 33 U.S.C. §§ 1365 and 1369 (CWA).

In accordance with the rulings in Trustees for Alaska, NRDC v. Zeller and Oljado, USGen's purported citizen's suit demanding that EPA provide the very type of evidentiary hearing repealed by the Hearing Rule is a clear, and untimely, challenge to the Hearing Rule itself. This conclusion is inescapable, because the relief requested by USGen would require a finding that EPA violated sections 316(a) and 402(a)(1) of the CWA when it provided two legislative public hearings pursuant to 40 C.F.R. § 124.12, rather than an evidentiary hearing expressly repealed by the Hearing Rule.[6] This Court therefore must dismiss USGen's claim both because this case was not brought within 120 days after the May 30, 2000 effective date of the Hearing Rule for judicial review purposes, and because this Court could not exercise jurisdiction over such a claim even if it had been timely brought. 33 U.S.C. § 1369(b)(1)(E).

## II. This Court Does Not Have Subject Matter Jurisdiction Over USGen's Premature Attempt to Challenge the As-Yet-Unissued Brayton Plant Permit on Procedural Grounds by Attacking the EAB's Interlocutory Order

USGen's complaint also should be dismissed for lack of subject matter jurisdiction because it has postured its challenge to the Hearing Rule as both a premature procedural challenge to the still-unissued Brayton Plant NPDES renewal permit, and an improper demand for judicial review of an interlocutory EAB Order. Moreover, pursuant to CWA section 509(b)(1)(F), any such procedural challenge, if and when timely raised, will fall within the

---

[6] Plaintiff's assertion that the Hearing Rule did not terminate the right to demand evidentiary hearings since it did not expressly prohibit the EPA from conducting them simply is not credible in light of EPA's clear statement in the proposed Hearing Rule that, "[i]f EPA decides to issue the final rule as proposed today, there will be no further opportunity to request an evidentiary hearing." 61 Fed. Reg. at 65,281.

10

exclusive jurisdiction of the U.S. Court of Appeals.[7] Each of these defects is fatal to USGen's Complaint, even if the Complaint is not dismissed as an untimely challenge to the Hearing Rule brought in the wrong court.

A.  **The U.S. Circuit Courts of Appeal Have Exclusive Subject Matter Jurisdiction Over Challenges to EPA's Actions During the Brayton Plant NPDES Proceedings**

CWA section 509(b)(1)(F) grants exclusive jurisdiction to the U.S. Circuit Courts of Appeals over claims based upon EPA's actions during the course of issuing or denying NPDES permits. In Sun Enterprises, Ltd. v. Train, 532 F.2d 280, 287 (2nd Cir. 1976), the Second Circuit expressly held that CWA section 509(b)(1)(F) grants the appellate courts exclusive jurisdiction over allegations that EPA violated non-discretionary duties during NPDES permit proceedings,[8] based on the "strong presumption against the availability of simultaneous review in both the district court and the court of appeals," and the Court's determination that "it would be an unsatisfactory result if the otherwise exclusive mode of review of an NPDES permit's issuance . . . [in] the court of appeals, could be circumvented by an action in the district court." Id. at 287, 289.

---

[7] Accord Puerto Rico Aqueduct & Sewer Auth. v. EPA, 35 F.3d 600 (1st Cir. 1994) (exercising jurisdiction pursuant to 509(b)(1) over claim alleging wrongful denial of evidentiary hearing in NPDES proceeding under regulations repealed by Hearing Rule); Adams v. EPA, 38 F.3d 43 (1st Cir. 1994) (same); Florida Power & Light Co. v. Lorian, 470 U.S. 729, 742-43 (1985) (issues "preliminary or ancillary to the core issue in a proceeding should be reviewed in the same forum as the final order resolving the core issue") (citing Foti v. INS, 375 U.S. 217, 227, 232 (1963)). Of course, EPA reserves the right to argue that the First circuit should not reach the merits of USGen's claims on the ground (among others) that USGen's demand for an evidentiary hearing in reality constitutes an untimely challenge to the Hearing Rule.

[8] See also Shell Oil Co. v. Train, 585 F.2d 408, 411 (9th Cir. 1978) ("33 U.S.C. § 1369(b)(1)(F) . . . gives the courts of appeal original jurisdiction to review 'the Administrator's . . . action . . . in issuing or denying any (NPDES) permit.'").

The First Circuit later addressed this same issue with respect to the Clean Air Act in State of Maine v. Thomas, 874 F.2d 883 (1st Cir. 1989). In this case, the First Circuit was asked to overturn the U.S. District Court for the District of Maine's dismissal of a purported citizen's suit pursuant to 42 U.S.C. § 7604(a)(2), the Clean Air Act's citizen's suit provision, alleging that EPA disregarded a non-discretionary duty by failing to promulgate regional haze regulations. EPA defended on the basis that a Federal Register notice delaying their issuance pending further technological and scientific advances constituted a final rulemaking subject to judicial review only for 60 days after issuance pursuant to 42 U.S.C. § 7607, the Clean Air Act's judicial review provision. In addressing whether the EPA's action was sufficiently final to invoke section 7607 jurisdiction, the First Circuit expressly held that "[f]inality-based jurisdiction under section 7607 and district court jurisdiction under section 7604 are mutually exclusive." 874 F.2d at 886 n.5 (citing Environmental Defense Fund, Inc. v. Costle, 448 F. Supp. 89, 92-93 (D.C. Cir. 1978)).

The CWA citizen's suit provision, 33 U.S.C. § 1365, was explicitly modeled on Clean Air Act section 7607, NRDC v. Train, 510 F.2d at 701-02 & n.46, n.47, and CWA section 509(b)(1)(F) and Clean Air Act section 7604 impose a fixed period in which to appeal and exclusive jurisdiction in the U.S. Circuit Courts of Appeals. Compare 33 U.S.C. §§ 1369 with 42 U.S.C. §§ 7604. Therefore, it is reasonable to conclude that the First Circuit would follow the Second Circuit in concluding that CWA section 509(b)(1)(F) grants exclusive jurisdiction to the U.S. Circuit Courts of Appeals over claims based upon EPA's actions "in issuing or denying any [NPDES] permit."[9] 33 U.S.C. § 1369(b)(1)(F).

---

[9] This conclusion also is supported by appellate decisions that address the exclusive jurisdiction granted by section 509(b)(1) in its entirety. Maier v. EPA, 114 F.3d 1032, 1037-38
(continued...)

USGen's Complaint clearly alleges that EPA is failing to follow proper procedures during the issuance of the Brayton Plant NPDES permit by not holding an evidentiary hearing regarding its terms. Complaint, Paras. 1, 16, 21. Because the federal courts are courts of limited jurisdiction, and can only assert the jurisdiction granted to them by statute, this Court cannot assert subject matter jurisdiction over USGen's procedural objections to the Brayton Plant permit. 33 U.S.C. § 1369(b)(1)(F). USGen's Complaint therefore must be dismissed.

### B. The EAB's Interlocutory Order Denying USGen's Motion for an Evidentiary Hearing is a Non-Final, Non-Appealable Agency Action

USGen's Complaint also would have to be dismissed even if the CWA section 509(b)(1)(F) jurisdictional grant was not exclusive to the U.S. Circuit Courts of Appeals, because

---

[9](...continued)
(10th Cir. 1997) ("The jurisdictional grant in [Section 509] is exclusive" and "may not be evaded merely by styling the claim as [a citizen suit]."); Am. Frozen Food Inst. v. Train, 539 F.2d 107, 124 (D.C. Cir. 1976) (section 509(b)(1) "gives the Courts of Appeals of the United States wide and exclusive jurisdiction to review the actions of the Administrator."). See generally David P. Currie, Judicial Review Under Federal Pollution Laws, 62 Iowa L. Rev. 1221, 1247-49 & n.209 (1976-1977) (warning that "allegations that the Administrator has failed to take action required [by the Clean Air Act] should not be permitted to circumvent the plain statutory command that judicial review of . . . regulations is to be in the court of appeals" and noting that the same principle applies in the Clean Water Act context); Whitney Nat'l Bank in Jefferson Parish v. Bank of New Orleans & Trust Co., 379 U.S. 411, 420, 422 (1965) ( "[w]here Congress has provided statutory review procedures . . . those procedures are to be exclusive").
  The CWA goal of achieving "prompt resolution of challenges to EPA's actions," also would be frustrated by authorizing time- and resource-intensive district court actions that likely would yield contradictory opinions within and between federal circuits before being appealed to the Circuit Courts. Crown Simpson Pulp Co. v. Costle, 445 U.S. 193, 196 (1980); E.I. DuPont de Nemours & Co. v. Train, 383 F. Supp. 1244, 1253 (W.D. Va. 1974), aff'd, 528 F.2d 1136 (4th Cir. 1975), aff'd, 430 U.S. 112 (1977). Even more importantly, Congress' goal of achieving national consistency and certainty regarding the requirements imposed by the CWA on the regulated community will be furthered only if Section 509(b)(1) is read to vest jurisdiction exclusively in the U.S. Circuit Courts of Appeals. See Virginia Elec. & Power Co. v. Costle, 566 F.2d 446, 451 (4th Cir. 1977); NRDC v. EPA, 673 F.2d at 405-06 & n.15.

the Complaint challenges a non-final, non-appealable action of the EAB. It is well established that the federal courts do not exercise jurisdiction over non-final agency actions which "make[] no change in the status quo itself, but rather require[] further administrative action... before rights, obligations or duties arise." Tutein v. Daley, 116 F. Supp. 2d 205, 207 (D. Mass. 1999) (citing Roosevelt Campobello Int'l Park Comm'n v. EPA, 684 F.2d 1034, 1040 (1st Cir. 1982)); State of Rhode Island, 378 F.3d at 23 (judicial review may not be had until agency action is final); see Bennett v. Spear, 520 U.S. 154, 178 (1997). For good reason, the federal courts ordinarily are loathe to "decid[e] issues unnecessarily, wasting time and effort" and depriving agencies of the opportunity to both "refine, revise or clarify the particular rule or other matter at issue" and "resolve the underlying controversy on other grounds, thus . . . avoiding the need for court proceedings." Roosevelt Campobello, 684 F.2d at 1040. Where their jurisdiction is based upon CWA section 509(b)(1)(F), the plain language of that section explicitly requires the issuance or denial of a permit. State of Rhode Island, 378 F.3d at 23 (citing Appalachian Energy Group v. EPA, 33 F.3d 319, 322 (4th Cir. 1999) and City of Ames v. Reilly, 986 F.2d 253, 256 (8th Cir. 1993)).

    The First Circuit has ruled precisely on this point. In an attempted appeal of an earlier interlocutory order in this same EAB proceeding, the First Circuit expressly held that interlocutory EAB orders in ongoing proceedings are not final agency actions and so will not support Circuit Court jurisdiction. State of Rhode Island, 378 F.3d at 22-23. "That point will not be reached until the completion of proceedings before the EAB. Only then will a final NPDES permit issue, concluding the EPA's decisionmaking process and imposing real-world obligations." Id. (citing 40 C.F.R. § 124.19(f)(1)).

The EAB proceeding regarding the terms of the Brayton Plant permit still are pending, which alone is sufficient to prevent judicial review of any interlocutory EAB orders. Even without the State of Rhode Island decision, the same conclusion would be compelled by Roosevelt Campobello and its progeny. The EAB could resolve the disputed Brayton Plant permit issues in USGen's favor. Such a final agency action would "resolve the underlying controversy on other grounds" than those urged by USGen in this suit, thereby "avoid[ing] the need for Court proceedings" altogether and preventing the issuance of an advisory opinion by this Court. See Roosevelt Campobello, 684 F.2d 1040. USGen's Complaint therefore would need to be dismissed[10] even if this Court were not barred from asserting subject matter jurisdiction over its claims by CWA sections (b)(1)(E) and (b)(1)(F).

### III. USGen's Complaint Also Must Be Dismissed For Failure to State A Citizen's Suit Claim on Which Relief May Be Granted

While the Court need not reach this issue in light of the previous arguments, USGen's Complaint also should be dismissed on the independent ground that it fails to state a prima facie citizen's suit claim under 33 U.S.C. § 1365(a)(2). It is well established that plaintiffs asserting

---

[10] USGen cannot change this result by invoking the Collateral Order Doctrine, the only exception to the bar against federal court review of interlocutory agency actions. The exception only applies to orders that are, among other things, effectively unreviewable on appeal from a final judgment. State of Rhode Island, 378 F.3d at 25 (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978)); accord In re: Recticel Foam Corp., 859 F.2d 1000, 1003-04 (1st Cir. 1988). As the First Circuit already determined in State of Rhode Island, a final NPDES permit for the Brayton Plant will issue at the conclusion of the EAB proceedings, and "[a]ny interested person," including the permittee, will then be entitled to judicial review of the final permit's issuance on procedural grounds. State of Rhode Island, 378 F.3d at 23, 26-27. "This means, of course, that there is nothing unreviewable about the EAB's denial of" such a hearing, id. at 27, although EPA reserves the right to seek dismissal of a petition for such review on the grounds that it constitutes an untimely challenge to the Hearing Rule. The Collateral Order Doctrine exception therefore is not available to USGen.

such claims bear the burden of establishing both that 1) the CWA imposes a non-discretionary duty upon the EPA, and 2) the EPA failed to act in response to that duty. Sun Enterprises, Ltd., 532 F.2d at 288. Claims that EPA acted in an improper manner in response to an alleged duty, rather than that EPA failed to act altogether, may not proceed as a CWA section 505(a)(2) citizen's suit. Id. at 288. See also State of Maine, 874 F.2d at 886 n.5 (affirming district court's dismissal of Clean Air Act citizen suit seeking to compel action when EPA already had acted).

USGen signally failed to satisfy the second of these two requirements,[11] because it disputes the *manner* in which the EPA acted in response to CWA section 316(a) and 402(a)(1) language[12] instructing that certain actions be taken "after opportunity for public hearing." EPA twice conducted legislative public hearings pursuant to 40 C.F.R. § 124.12 regarding the proposed terms of the Brayton Plant NPDES permit, and USGen and others provided oral and

---

[11] While EPA maintains that CWA sections 316(a) and 402(a)(1) do not impose a non-discretionary duty to conduct a public hearing with the meaning of 33 U.S.C. § 1365(a)(2), EPA assumes arguendo, solely for purposes of this Motion to Dismiss, that such a duty exists. EPA expressly reserves the right to assert this argument in future proceedings before this and other courts.

[12] These CWA sections provide:
§1326. Thermal discharges
(a) Effluent limitations . . .
With respect to any point source otherwise subject to the provisions of section 1311 of this title . . . , whenever the owner or operator of any such source, after opportunity for public hearing, can demonstrate . . . that any effluent limitation proposed for . . . such source will require effluent limitations more stringent than necessary . . . the Administrator . . . may impose an effluent limitation . . .
§ 1342. National pollutant discharge elimination system
(a) Permits for discharge of pollutants
(1) Except as provided in sections 1328 and 1344 of this title, the Administrator may, after opportunity for public hearing, issue a permit for the discharge of any pollutant, or combination of pollutants. . . .
33 U.S.C. §§ 1326(a), 1342(a)(1) (emphasis added).

written testimony, and gave written materials, to EPA at those public hearings. In re: USGen, Slip Op. at 49; 40 C.F.R. § 124.12. USGen's complaint, then, does not seek a remedy for EPA inaction. Instead, it asks this Court to review the manner in which the EPA acted pursuant to its properly promulgated, and otherwise unchallenged public hearing regulations, and CWA sections 316(a) and 402(a)(1). Such a claim does not satisfy the threshold requirements for CWA citizen's suits, and therefore must be dismissed.

## CONCLUSION

For each the foregoing reasons discussed, the Court should dismiss USGen's Complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.

Dated: December 27, 2004                Respectfully submitted,

                                        _____
                                        HEATHER E. GANGE
                                        U.S. Department of Justice
                                        Environment & Natural Resources Division
                                        Environmental Defense Section
                                        P.O. Box 23986
                                        Washington, D.C. 20026-3986
                                        (202) 514-4206

OF COUNSEL:

ANN R. KLEE
General Counsel
SUSMITA DUBEY
U.S. Environmental Protection Agency
Office of General Counsel
1200 Pennsylvania Ave., N.W., Mail Code 2355A
Washington, D.C. 20460

**CERTIFICATE OF SERVICE**

I hereby certify that true and correct copies of the foregoing Motion to Dismiss, and Memorandum in Support of Motion to Dismiss, were today served, this 27th day of December, 2004, via first class mail, on counsel listed below:

> Wendy B. Jacobs
> John M. Stevens
> Randall E. Kromm
> FOLEY HOAG, LLP
> 155 Seaport Boulevard
> Boston, MA 02210

and a courtesy copy was provided by electronic mail to:

> WJacobs@foleyhoag.com
> RKromm@foleyhoag.com

_____
Heather E. Gange, Esq.