UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                          )
DOMINION ENERGY BRAYTON                   )
POINT,  LLC  (substituted for USGen        )
New England, Inc.)                         )
                                          )
            Plaintiff,                     )
                                          )
        v.                                 )          No. 04-12225 (RCL)
                                          )
MICHAEL O. LEAVITT,                        )
in his capacity as Administrator           )
of the U.S. Environmental Protection       )
Agency, et al.,                            )
                                          )
            Defendants.                    )
_____)

**PLAINTIFF'S CONDITIONAL ASSENT
TO DEFENDANTS' MOTION FOR LEAVE
TO FILE A REPLY MEMORANDUM**

        Plaintiff Dominion Energy Brayton Point, LLC ("Dominion Brayton") hereby

conditionally assents to the defendants' Motion for Leave To File a Reply Memorandum in

support of their Motion To Dismiss for lack of subject matter jurisdiction and for failure to state

a claim of which relief can be granted.  In particular, Dominion Brayton assents to the

defendants' filing a reply memorandum as long as it is permitted to have the opportunity to file a

brief surreply.  Dominion Brayton took this position in the parties' Local Rule 7.1(a)(2)

discussions and requested that the defendants set it forth in their certification pursuant to that

Rule.  Subsequent to those discussions, counsel for the defendants advised Dominion Brayton

that the United States opposes the filing of a surreply.  The filing of a surreply, Dominion

Brayton recognizes, is unusual but is warranted here because of the unusual procedure followed by the defendants in connection with their Motion To Dismiss.

The usual practice is for the moving party to address the matters at issue in a supporting memorandum filed with its motion. The opposing party then responds with respect to these matters. Where affirmative issues are raised in the response that could not have been anticipated, a reply by the moving party may be appropriate.

The defendants did not follow the usual practice in addressing the matters placed in issue by the complaint. As is evident on its face, the basis of the complaint is that the decision of the United States Court of Appeals for the First Circuit in *Seacoast Anti-Pollution League v. Costle*, 572 F.2d 872 (1st Cir. 1978), and a subsequent decision, imposed a nondiscretionary duty on the defendants to afford the plaintiff an evidentiary hearing in connection with issuance of the NPDES permit for its Brayton Point Station. Complaint ¶¶ 15, 17, 19, 23. Unaccountably, in their Motion To Dismiss, the defendants never mention *Seacoast*. When, by way of opposition, Dominion Brayton pointed out that *Seacoast* showed that the action had merit and could not be dismissed, the defendants claimed that it was raising a new issue.[1] An issue is not new because the moving party chose not to address it.

Despite the unusual procedure followed by the defendants, Dominion Brayton does not oppose the defendants' request for leave to file a reply memorandum. It merely seeks the benefit of the standard procedure for motion practice in which the opposing party is allowed to address the matters at issue after the moving party has done so. To allow the filing of a reply without an

---

[1] The defendants also contend that the opposition raised two other new issues involving Federal Court jurisdiction during NPDES Permit proceedings and the relationship between District and Circuit Court jurisdiction under the Clean Water Act; in fact, the defendants discussed these very issues for all but two pages of their argument in support of their Motion To Dismiss.

opportunity for a surreply in the unusual circumstances present here would be analogous, in an

appeal, to allowing the appellee rather than the appellant to file the first and last brief.

By its attorneys,


/s/ John M. Stevens
Wendy B. Jacobs (No. 46273)
John M. Stevens (No. 30912)
Randall E. Kromm (No. 85630)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA  02210
(617) 832-1000

Dated:  January 28, 2005


## Certificate of Service

I hereby certify that a true copy of the Brayton Point Station's Conditional Assent to
Defendants' Motion for Leave to File a Reply Memorandum was served by CM/ECF Electronic
Notice to the following counsel of record:  Heather E. Gange, U.S. Department of Justice,
Environment and Natural Resources Division, Environmental Defense Section, P.O. Box 23986,
Washington, DC 20026-3986.  A courtesy copy was provided by electronic mail to:
heather.gange@usdoj.gov.


/s/ John M. Stevens
John M. Stevens


Dated:   January 28, 2005