UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DOMINION ENERGY BRAYTON POINT, LLC,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN L. JOHNSON,<br>in his capacity as acting Administrator of the U.S. Environmental Protection Agency, U.S. ENVIRONMENTAL PROTECTION AGENCY, and REGION I of the U.S. Environmental Protection Agency,<br><br>Defendants. | No. 04-12225 (RCL) |

**REPLY MEMORANDUM IN SUPPORT
OF DEFENDANTS' MOTION TO DISMISS**

**INTRODUCTION**

In accordance with this Court's Order entered on March 10, 2005, Defendants the U.S. Environmental Protection Agency, its Region I, and its acting Administrator, Stephen L. Johnson (collectively "EPA") submit this reply memorandum in support of their Motion to Dismiss.

Dominion Energy Brayton Point, LLC ("Dominion") is unhappy with an interlocutory order by EPA's Environmental Appeals Board ("EAB") denying it a third public hearing in the midst of agency proceedings to determine the final terms of its National Pollutant Discharge Elimination System ("NPDES") renewal permit under the Clean Water Act ("CWA"), 33 U.S.C. §§ 1251-1387. Dominion first appealed that interlocutory order to the First Circuit under CWA section 509(b)(1), but consented to the dismissal of its petition without prejudice to refile at the conclusion of EAB proceedings after EPA moved to dismiss on ripeness grounds.

Dominion now appeals that interlocutory order in the guise of a CWA citizen suit – ignoring the fact that CWA section 509(b)(1) grants the federal courts of appeal exclusive jurisdiction over the type of claim asserted (a challenge to an NPDES rulemaking and to a procedural order in an NPDES permit proceeding). The CWA citizens' suit provision does not confer jurisdiction over Dominion's claim on the district courts, both because the courts of appeal have exclusive jurisdiction over such claims and because the plain language of the citizen suit provision does not address their subject matter.

Dominion attempts to salvage its claim by arguing that merits-related First Circuit decisions require the Court to act notwithstanding exclusive jurisdiction in the courts of appeal. Dominion is incorrect as a matter of law, and in any event, the First Circuit has expressly questioned the validity of the merits-related cases on which Dominion relies. Moreover, federal courts are barred from

1

resolving motions to dismiss based on the merits of the plaintiffs' claims without first resolving their authority to hear those claims, and this case does not qualify for an exception to that bar. The Court therefore should grant EPA's motion to dismiss for lack of subject matter jurisdiction, without reaching the merits of Dominion's claim.

## ARGUMENT

I.   **THE CWA GRANTS EXCLUSIVE JURISDICTION TO THE COURTS OF APPEAL TO HEAR RULEMAKING CHALLENGES AND NPDES PROCEDURAL CHALLENGES**

To vest a particular court with subject matter jurisdiction over a claim against the United States, Congress must expressly and unambiguously waive the United States' sovereign immunity thereto. See Dept of Army v. Blue Fox, Inc., 525 U.S. 255, 260 (1999); United States v. Mottaz, 476 U.S. 834, 841 (1986); United States v. Mitchell, 463 U.S. 206, 212 (1983); Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995); Howe v. Bank for Int'l Settlements, 194 F. Supp. 2d 6, 19 (D. Mass. 2002) (J. Lindsay). Such waivers may only be effected by Congress in statutory text, and they (including any ambiguities in their text) must be construed narrowly and strictly in favor of the United States. Lane v. Pena, 518 U.S. 187, 192 (1996); United States v. Williams, 514 U.S. 527, 531 (1995); DOE v. Ohio, 503 U.S. 607, 615 (1992); United States v. Nordic Village, Inc., 503 U.S. 30, 34 (1992); Library of Congress v. Shaw, 478 U.S. 310, 315, 318-19 (1986); Murphy, 45 F.3d at 522.

Dominion's claim that EPA must conduct an evidentiary public hearing is an untimely challenge to EPA's "Hearing Rule" issued on May 15, 2000, a federal rulemaking which expressly eliminated evidentiary hearings in NPDES permit proceedings. 65 Fed. Reg. 30,886 (May 15, 2000). Dominion's claim also is a transparent bid for judicial review of the EAB's interlocutory order

denying Dominion's motion for an evidentiary public hearing in addition to the two legislative public hearings EPA already conducted.

The CWA contains two mutually exclusive federal court jurisdictional provisions. Section 509(b)(1) identifies seven types of EPA actions for which judicial review is authorized exclusively in the courts of appeal. 33 U.S.C. § 1369(b)(1). More specifically, section 509(b)(1)(E) authorizes judicial review of rulemakings such as the Hearing Rule (see Memorandum in Support of its Motion to Dismiss ("Memorandum") at 7-8), and section 509(b)(1)(F) authorizes judicial review of EPA actions taken in the course of issuing or denying NPDES permits such as Dominion's renewal permit. 33 U.S.C. § 1369(b)(1)(E), (F). In contrast, section 505(a) authorizes citizen enforcement action in the district courts "against the Administrator where there is alleged a failure . . . to perform any act or duty under this chapter which is not discretionary . . ." 33 U.S.C. § 1365(a). Section 505(a) thus authorizes enforcement claims based upon a total failure to act, but does not authorize judicial review of the manner in which EPA acted in performing an alleged non-discretionary duty.[1]

No other statutory provisions, in the CWA or elsewhere, waive the United States' sovereign immunity from claims based upon NPDES permit-related issues or procedures. Moreover, Dominion's claim does not fall within CWA section 505(a), because Dominion contests the manner in which EPA acted by providing two legislative public hearings (but not an evidentiary hearing) in response to CWA sections 316(a) and 402(a)(1). Dominion therefore has failed to identify a source of federal court jurisdiction over its claim.

---

[1] See Sun Enterprises, Ltd. v. Train, 532 F.2d 280, 288 (2nd Cir. 1976). Dominion therefore errs because it has not identified a complete failure to act as a third element of a citizen suit claim. Opposition at 7; Memorandum at 15-17.

3

### A.  The Courts of Appeal Have Exclusive Jurisdiction Over Dominion's Claim Under CWA Section 509(b)(1)(E)

Dominion prays for an order requiring EPA to conduct an administrative evidentiary hearing regarding the disputed terms of its NPDES renewal permit. Complaint at 5-6. EPA made a reviewable decision in the Hearing Rule, 65 Fed. Reg. at 30,886, that evidentiary hearings would no longer be available for that purpose. Therefore, the relief Dominion seeks does, in fact, challenge the Hearing Rule.

EPA is <u>not</u> arguing, as Dominion suggests, that Dominion is challenging "EPA's NPDES regulations" (e.g., 40 C.F.R. § 124.21).[2] Opposition at 8-10. Rather, EPA is arguing that the relief Dominion seeks is directly at odds with EPA's decision in the Hearing Rule rulemaking proceedings that evidentiary hearings would be eliminated and replaced with an appeal to the EAB.[3] Memorandum at 2, 7-10. If Dominion wanted to challenge EPA's decision to discontinue evidentiary hearings for NPDES permits, the place and time to do so was in the courts of appeal, within 120 days after May 15, 2000. 33 U.S.C. § 1369(b)(1)(E).

---

[2] Dominion's arguments and authorities at pages 8-9 of its Opposition therefore are irrelevant, because they address challenges to individual regulations rather than challenges to agency rulemakings.

[3] The proposed Hearing Rule clearly stated, that "[i]f EPA decides to issue the final rule . . . , <u>there will be no further opportunity to request an evidentiary hearing</u> . . ." 61 Fed. Reg. 65,268, 65,281 (Dec. 11, 1996) (emphasis added). The final Hearing Rule stated that "[i]ncluded in today's final rule are revisions which . . . <u>replac[e] the evidentiary hearing procedures</u> . . . with a direct appeal to the Environmental Appeals Board." 65 Fed. Reg. 30,886, 30,887, sec. I (May 15, 2000) (emphasis added). After an extended discussion of <u>Seacoast</u> and related cases in light of <u>Chevron USA Co. v. NRDC</u>, 467 U.S. 837 (1984), the Hearing Rule again provided that "EPA is today adopting the proposed rule, <u>eliminating evidentiary hearing procedures</u> . . . " <u>Id.</u> at 30,900, sec. II.C.3. This belies Dominion's allegation that EPA promulgated the Hearing Rule to prompt a circuit split that would lead to a favorable Supreme Court decision. <u>See also</u>, In re: City of Marlborough, NPDES Appeal No. 04-12, slip op. at n.11 (EAB, March 11, 2005) (noting that the Hearing Rule eliminated evidentiary hearings); In re: US Gen New England Brayton Point Station, NPDES Appeal No. 03-12, slip op. at 6-10 (EAB, July 23, 2004) (same).

4

To the extent Dominion also argues that its request for an evidentiary hearing does not conflict with the Hearing Rule, that argument is contradicted by Dominion's Complaint. Dominion's Complaint contains only a single claim alleging that EPA failed to perform a non-discretionary duty by not providing an evidentiary hearing of the very type repealed by the Hearing Rule, and prays only for an order requiring EPA to provide such a hearing. Complaint ¶¶ 15-17, 19-21, pp. 5-6. Clearly then, this suit is a direct challenge to the Hearing Rule, over which the federal courts of appeal have exclusive jurisdiction pursuant to CWA section 509(b)(1)(E).

**B.     The Courts of Appeal Also Have Exclusive Jurisdiction Over Dominion's Claim Under CWA Section 509(b)(1)(F)**

Dominion also has not effectively disputed the federal courts of appeals' exclusive jurisdiction to review NPDES procedural challenges under CWA section 509(b)(1)(F). Dominion is clearly challenging the EAB's interlocutory order denying an evidentiary hearing, and Dominion errs insofar as it characterizes CWA section 509(b)(1) as granting other courts subject matter jurisdiction over such claims before applied-for NPDES permits actually are issued or denied.[4] See Memorandum at 2, 10-15.

Dominion also errs to the extent that it argues that parties are denied timely or meaningful judicial review if they must wait until EAB proceedings are concluded. As the First Circuit held in State of Rhode Island, the Collateral Order Doctrine permits the courts of appeal to exercise their CWA section 509(b)(1) jurisdiction over procedural challenges that satisfy Article III finality

---

[4] Contrary to Dominion's assertions, the "issuance or denial" language in section 509(b)(1)(F) simply clarifies the point at which a final, appealable agency decision has been made and the petitioner's claim becomes ripe for review. State of Rhode Island v. EPA, 378 F.3d 19, 23 (1st Cir. 2004) (citing Bell v. New Jersey, 461 U.S. 773, 778 (1983) and 40 C.F.R. § 124.19(f)(1)). There is no basis for concluding that this language implies the existence of jurisdiction in other courts with respect to interlocutory orders in such proceedings.

5

requirements and "are effectively unreviewable on appeal from a final judgment." 378 F.3d at 25-26. Dominion's claim in this case clearly does not satisfy either of these requirements, because (1) Dominion may still prevail before the EAB, and (2) if it does not, it may petition the First Circuit for an order remanding the permit for an evidentiary hearing pursuant to CWA section 509(b)(1)(F).[5]

The Central Hudson Gas & Elec. Corp. v. EPA case cited by Dominion at pages 15-20 is inapposite, because Dominion does not challenge EPA's jurisdiction to issue its NPDES renewal permit. 587 F.2d 549 (2nd Cir. 1978). In Central Hudson, the plaintiff sought a declaratory judgement that a state agency rather than EPA was empowered to issue an NPDES permit for their facility. The Second Circuit held that CWA section 509(b)(1)(F) did not apply to such a claim, thereby leaving the district court to address which agency had authority to issue a permit. Id. at 557. The court also confirmed that the courts of appeal would have exclusive jurisdiction over the challenges to the merits of the NPDES permits themselves.[6] Id. at 556. Similarly, in Champion Intl Corp. v. EPA, 850 F.2d 182 (4th Cir. 1988), the court held, consistent with Central Hudson, that while a district court could determine whether EPA was acting within its statutory authority in conducting NPDES permit

---

[5] State of Rhode Island, 378 F.3d at 22, 24 (challenge to EAB interlocutory procedural order is premature before conclusion of permit proceedings, but can be raised before circuit court after final agency action). Accord Puerto Rico Aqueduct & Sewer Auth. v. EPA, 35 F.3d 600 (1st Cir. 1994) (exercising jurisdiction over claim that an evidentiary hearing was wrongfully denied during NPDES proceedings); Adams v. EPA, 38 F.3d 43 (1st Cir. 1994) (same).

[6] The cases cited at page 16 of the Opposition do not support such an argument with respect to section 509(b)(1)(E) rulemaking claims either. Both Motor Vehicle Mfrs. Ass'n of the United States v. Costle, 647 F.2d 675 (6th Cir. 1981), and Citizens for a Better Env't v. Costle, 610 F. Supp. 106 (N.D. Ill. 1985), held that the courts of appeal have exclusive jurisdiction over challenges to already-issued regulations, while the district courts have jurisdiction only to order the issuance of regulations where EPA has entirely failed to act.

6

proceedings at all, the courts of appeal had exclusive jurisdiction to decide whether EPA violated statutory requirements while issuing a permit after the permit was issued. Id. at 186, 189.[7]

Thus, Dominion has failed to establish that its claim falls outside of the courts of appeals' exclusive jurisdiction under CWA section 509(b)(1)(F).

### C.   CWA Section 505(a) Does Not Provide the District Courts With Jurisdiction to Hear Dominion's Claim

Dominion argues that CWA section 505(a) "trumps" sections 509(b)(1)(E) and (b)(1)(F), thereby granting this Court jurisdiction over its claim before NPDES permit proceedings are concluded. Opposition, at 6-8. This novel proposition fails because it is contrary to the plain meaning of sections 509(b)(1)(E) and (F) and section 505(a). Moreover, it would require this Court to issue an advisory opinion, and is not necessary to ensure that Dominion and other NPDES permit applicants receive timely and meaningful access to the courts.

The plain language of CWA sections 509(b)(1)(E) and (b)(1)(F) grants exclusive subject matter jurisdiction over claims such as Dominion's to the federal courts of appeal. Memorandum at 2-3, 7-13; supra at 1-7. In contrast, CWA section 505(a) contains no express and unequivocal grant of authority for the district courts to decide challenges to federal rulemakings or EPA actions taken in the course of issuing NPDES permits. The plain language of 505(a) also expressly limits district court jurisdiction to claims based upon a complete failure of the EPA to act in the face of a non-discretionary duty, 33 U.S.C. § 1365(a), and EPA acted <u>twice</u> in response to the public hearing provisions of CWA section 316(a) and 402(a)(1) before denying Dominion's request for an

---

[7] The court stated that there was no district court review because "[i]f the action of the EPA was [currently] reviewable under [CWA 509(b)], Champion brought its action in the wrong court. If the action of the EPA was not [currently] so reviewable and the EPA had yet to act, then Champion has brought its action prematurely." Id. at 188. This is precisely the situation in which Dominion finds itself.

7

evidentiary public hearing. Moreover, section 505(a) does not contain any language reconciling the conflict Dominion's proposed construction would create with the section 509(b)(1) grant of exclusive jurisdiction to the courts of appeal. Because waivers of the United States' sovereign immunity must be read narrowly and their language (including any ambiguities) construed strictly in favor of the government, Dominion's proposed construction of CWA section 505(a) must be rejected.

Attempting to resolve the conflict created by Dominion's proposed construction of CWA section 505(a) also would raise serious constitutional issues. This Court would need to construe CWA section 505(a) to allow district court jurisdiction over untimely challenges to federal rulemakings and unripe challenges to non-final EPA actions. Decisions issued in the latter case would be unconstitutional advisory opinions, because they would, by definition, address questions still pending before the agency. Dominion's argument also renders sections 509(b)(1)(E) and (F) meaningless in this context, and does not comport with the well-settled principle that the assertion of federal appellate jurisdiction divests the district courts of jurisdiction. This Court need not invite such consequences to ensure that Dominion and other NPDES permit applicants have timely and meaningful access to the federal courts, because the collateral order doctrine ensures that the courts of appeal have subject matter jurisdiction over interlocutory orders that are sufficiently ripe to satisfy the Article III requirements for review in a federal court.

II.   **MERITS-RELATED FIRST CIRCUIT DECISIONS CANNOT BE THE BASIS FOR DISTRICT COURT JURISDICTION OVER DOMINION'S CLAIM**

Dominion argues that the existence of merits-related First Circuit decisions somehow requires, or at least enables, this Court to act on its claim despite the absence of any statutory source of subject matter jurisdiction. Opposition, at 10-13. This argument fails as a matter of law in light of the United States' sovereign immunity. See Lane v. Pena, 518 U.S. 187, 192 (1996) ("A waiver of

the Federal Government's sovereign immunity must be unequivocally expressed in statutory text . . . and may not be implied.") (citations omitted).

Moreover, this Court cannot reach the merits of Dominion's claim before determining that it has subject matter jurisdiction. The Supreme Court has established that district courts must resolve challenges to their subject matter jurisdiction <u>before</u> addressing the merits of claims subject to a motion to dismiss. <u>Steel Co. v. Citizens for a Better Env't.</u>, 523 U.S. 83, 88-89 (1998). A court that asserts "hypothetical jurisdiction" by resolving a motion to dismiss based on the merits of the claims asserted while its subject matter jurisdiction is uncertain "produces nothing more than a hypothetical judgment–which comes to the same thing as an advisory opinion." <u>Steel Co.</u>, 523 U.S. at 101 (citations omitted); <u>see also</u> <u>Seale v. INS</u>, 323 F.3d 150, 156-57 & n.5 (1st Cir. 2003).

Even the First Circuit, the strongest proponent of exceptions to <u>Steel Co.</u> and its progeny, has held that courts must resolve "fundamental" jurisdictional challenges that implicate Article III (e.g., statutory limits on district court habeas jurisdiction) before deciding a motion to dismiss based on the merits of the claim asserted, unless (1) the jurisdictional challenge is particularly thorny; (2) the decision on the merits is "foreordained" by prior case law; <u>and</u> (3) the party urging lack of subject matter jurisdiction (i.e., the movant) also would prevail on the merits. <u>Seale,</u> 323 F.3d at 154-57 (adopting 2nd Circuit test where statutory jurisdictional provision at issue is as "fundamental" as district court habeas jurisdiction) (citing <u>Ctr. for Reprod. Law & Policy v. Bush</u>, 304 F.3d 183, 194-95 (2nd Cir. 2002)). Where the courts' Article III jurisdiction is implicated, however, the <u>Steel Co.</u> rule is strictly followed. <u>Id.</u> at 155-56 (citing <u>Parella v Ret. Bd. of the R.I. Employees' Ret. Sys.</u>, 173 F.3d 46, 53-54 (1st Cir. 1999)).

A.     **The Court Cannot Reach the Merits of Dominion's Claim Because Doing So Implicates Article III**

The Opposition raises an Article III issue to the extent it argues that this Court may exercise subject matter jurisdiction beyond the boundaries established by CWA sections 509(b)(1)(E), (F). Sheldon v. Sill, 49 U.S. 441, 449 (1850) (Congress prescribes the limits of the jurisdiction exercised by the lower courts under U.S. Const. Art. III); Seale, 323 F.3d at 156 ("The statutory . . . elements of jurisdiction are an essential ingredient of separation and equilibrium of powers, restraining the courts from acting at certain times, and even restraining them from acting permanently regarding certain subjects") (citing Steel Co., 523 U.S. at 101). Because CWA section 509(b)(1)(E) and (F) grant exclusive jurisdiction over Dominion's claim to the federal courts of appeal, Dominion's novel theory that this Court may nonetheless decide EPA's motion based on the merits of Dominion's claim directly implicates the scope of power Congress granted the district courts pursuant to Article III of the Constitution. Therefore, this Court is barred from resolving EPA's motion to dismiss on merits-related grounds.

B.     **Dominion's Claim Does Not Fulfill the First Circuit Test for Asserting Hypothetical Jurisdiction**

This case also does not qualify for the First Circuit's exception to the bar against resolving motions to dismiss on merits-related grounds, even in the absence of an Article III issue. Far from being "foreordained," the merits of Dominion's claim are uncertain at best. The First Circuit itself questioned (but declined to resolve yet) whether Seacoast and Dantran [8] are still good law in a case addressing whether a federal agency may amend its public hearing regulations by notice-and-

---

[8] Seacoast Anti-Pollution League v. Costle, 572 F.2d 872 (1st Cir. 1978); Dantran Inc. v. U.S. Dep't of Labor, 246 F.3d 36 (1st Cir. 2001).

10

comment rulemaking to repeal the right to evidentiary (as opposed to legislative) hearings. Citizen's Awareness Network, Inc. v. United States, 391 F.3d 338, 347-48 & n.4 (1st Cir. 2004).

In Citizen's Awareness, the First Circuit evaluated an NRC rulemaking that eliminated evidentiary hearings in nuclear reactor license and construction permit proceedings, following the U.S. Supreme Court's landmark (and post-Seacoast) decision, Chevron USA, Inc. v. NRDC, 467 U.S. 837 (1984), that established the deference due to federal agency rulemakings promulgated under statutes the agencies are charged with administering. Under Chevron, reviewing courts must uphold an agency's interpretation of a term in a statute it is charged with enforcing, if that interpretation is "based on a permissible construction of the statute"–even if that interpretation is not the one the Court would have reached.[9] Id. at 842-43.

After carefully analyzing the NRC's notice-and-comment rulemaking, which like the Hearing Rule was based upon the <u>agency's</u> determination of the type of hearing required by the enabling statute's instruction to provide a hearing upon request, the First Circuit stated:

> We assume arguendo, favorably to the petitioners, that the Seacoast rule still obtains.[Footnote 4]
>
> Footnote 4: Notwithstanding this assumption, we believe it prudent to point out that Seacoast predates the Supreme Court's watershed decision in Chevron U.S.A. Inc. v. Natural Resource Defense Counsel, Inc., 467 U.S. 837 . . . (1984), and that Dantran merely followed Seacoast without assessing its vitality in the post-Chevron era. It seems clear that while the type of hearing required by a statute turns on congressional intent, Chevron adds a new dimension, requiring that the agency's reasonable interpretation be accorded deference if there is any ambiguity as to that intent. See id. at 843 . . . To what

---

[9] Chevron expressly provided that "[i]f Congress has explicitly left a gap for the agency to fill, there is an express delegation of authority to the agency. . . . Sometimes the legislative delegation . . . on a particular question is implicit rather than explicit. In such a case, a court may not substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency." 467 U.S. at 843-44 (citing INS v. Jong Ha Wang, 450 U.S. 139, 144 (1981); Train v. NRDC, 421 U.S. at 87).

11

> extent (if at all) this reality erodes Seacoast's rationale is a question that we leave for another day.

Citizen's Awareness, 391 F.3d at 348 n.4.

This statement follows from earlier post-Chevron decisions issued by the First Circuit and the Supreme Court. In United States v. LaBonte, the First Circuit held that "an agency that is charged with administering a statute *remains free to supplant prior judicial interpretations of that statute* so long as the agency interpretation is a reasonable rendition of the statutory text." 70 F.3d 1396, 1405-06 (1st Cir. 1995) (emphasis added, citations omitted), judgment rev'd by United States v. LaBonte, 520 U.S. 751 (1997). The following year, the Supreme Court held that where Congress left ambiguity in a statute implemented by an agency, Congress "desired the agency (rather that the courts) to possess whatever degree of discretion the ambiguity allows." Smiley v. Citibank (South Dakota), N.A., 517 U.S. 735, 740-41 (1996).

When Seacoast is viewed in its proper context, Dominion's claim that it constitutes clear direction for this Court lacks merit. Today one could reasonably expect the First Circuit to find the phrase "after opportunity for public hearing" in CWA sections 316(a) and 402(a)(1) ambiguous as to the type of hearing intended, consider that ambiguity a delegation of authority to EPA, and uphold EPA's revocation of evidentiary hearings in the Hearing Rule as a reasonable rendition of the statutory text.[10/] Therefore the Seale exception to the bar against deciding motions to dismiss on the

---

[10/] Under the First Circuit's interpretation of the "Rule of the Circuit" doctrine (discussed in the Opposition as "stare decisis"), courts may decline to follow decisions questioned by the U.S. Supreme Court or their own circuit. See United States v. Chhien, 266 F.3d 1, 10 (1st Cir. 2001); United States v. Royal, 174 F.3d 1, 10 (1st Cir. 1999). The cases cited at Opposition pages 11-12 are inapposite, because they reflect the position of courts on the other side of a circuit split on this issue. See Banker's Trust New York Corp. v. United States, 225 F.3d 1368, 1375 (Fed. Cir. 2000) (acknowledging the circuit split, and citing United States v. Joshua, 976 F.2d 844, 852-56 (3rd Cir. 1992) for a detailed discussion).

merits of plaintiffs' claims does not apply in this case, and this Court should not assert hypothetical jurisdiction over dominion's claim.

### III. DOMINION HAS FAILED TO STATE A CITIZEN SUIT CLAIM, BECAUSE IT CHALLENGES THE MANNER IN WHICH EPA COMPLIED WITH THE "PUBLIC HEARING" PROVISIONS OF CWA SECTIONS 316(a) AND 402(a)(1), AND FAILED TO IDENTIFY A NON-DISCRETIONARY DUTY

In its list of citizens' suit claim element, Dominion overlooks the fact that CWA citizen suit claims can <u>only</u> be based upon EPA's failure to act at all in the face of a non-discretionary duty, and not upon a challenge to the manner in which EPA discharges a non-discretionary duty.[11] Memorandum at 15-17; c.f. Oljato Chapter of Navajo Tribe, 515 F.2d 654, 657-58 (D.C. Cir. 1975). In its Opposition, Dominion reiterates its grievance that the EAB failed to grant its motion for an evidentiary public hearing under CWA sections 316(a) and 402(a)(1). EPA, however, conducted <u>two</u> legislative public hearings pursuant to CWA sections 316(a) and 402(a)(1) and NPDES public hearing regulations 40 C.F.R. §§ 124.11, 124.12, whose validity has never been challenged. Clearly, then, Dominion's claim is a challenge to the manner in which EPA satisfied the public hearing provisions of CWA sections 316(a) and 402(a)(1), and such claims do not satisfy the threshold requirements of CWA section 505(a). For this reason alone, then, this Court should dismiss this case for failure to state a claim on which relief may be granted.

---

[11] The cases cited at Opposition pages 17-19 do not support Dominion's position that the manner of EPA's performance can be challenged under CWA section 505(a). Rite-Research Improves Env't, Inc. v. Costle, 650 F.2d 1312 (5th Cir. 1981) (claim based on complete failure to act on petition to grant permit); Miccosukee Tribe v. EPA, 105 F.3d 599 (11th Cir. 1997) (claim based on complete failure to review revised water quality standards); Proffitt Found. v. EPA, 930 F. Supp. 1088 (E.D. Pa. 1996) (claim based on complete failure to issue regulations). Moreover, Sun Enterprises v. Train supports EPA's position that the courts of appeal have exclusive jurisdiction over Dominion's claim. 532 F.2d 280 (2nd Cir. 1976) (claim based on procedural objection to permitting process is a challenge to the manner in which EPA acted, and cannot be brought as citizens' suit).

Dominion also failed to satisfy the citizens' suit requirement that it establish a non-discretionary duty imposed upon EPA by the CWA. In order to focus the Court's attention on Dominion's inability to demonstrate that EPA failed to act, EPA assumed arguendo, solely for purposes of its motion to dismiss, that CWA sections 316(a) and 402(a)(1) impose a non-discretionary duty to provide a public hearing, the nature of which (legislative or evidentiary) the statute does not specify. Memorandum at 16 n.11. In the Opposition however, Dominion specifically rejects the plain language of CWA sections 316(a) and 402(a)(1) as the source of a non-discretionary duty, and identifies the Seacoast decision as the source of the non-discretionary duty at issue.[12/] Opposition at 7 ("EPA's duty to provide an evidentiary hearing relies on the First Circuit's construction of Sections 402(a) an 316(a) in Seacoast, rather than on bare statutory language").

The Seacoast decision cannot establish such a duty for two reasons. First, the overwhelming weight of case law interpreting the non-discretionary duty requirement imposed by environmental citizens' suit provisions finds such a duty where a statutory provision requires EPA to take a specific action by a date certain or a date readily ascertainable by reference to fixed dates or events. See State of Maine v. Thomas, 874 F.2d 883, 889-91 (1st Cir. 1989); NRDC v. Thomas, 885 F.2d 1067, 1075 (2nd Cir. 1989); Sierra Club v. Thomas, 828 F.2d 783, 791 & n.58 (D.C. Cir. 1987) (citing NRDC v. Train, 510 F.2d 692 (D.C. Cir. 1974)); Environmental Def. v. Leavitt, 329 F. Supp. 2d 55, 63-64 (D.D.C. 2004); cf. Raymond Proffitt Found. v. EPA, 930 F. Supp. 1088, 1099-1101 (E.D. Pa. 1996) ("inferrable" date certain requirement created for CWA claims not subject to exclusive courts of appeal jurisdiction). Neither the Seacoast decision, nor CWA sections 316(a) and 416(a)(1), require EPA action by a date certain.

---

[12/] EPA's arguendo admission therefore does not establish a non-discretionary duty for purposes of this motion to dismiss.

Second, courts resolving motions to dismiss are not required to accept as true conclusions of law alleged by plaintiffs,[13] Papasan v. Allain, 478 U.S. 265, 286 (1986), and Seacoast has been cast into such doubt by Citizen's Awareness and LaBonte that it is no longer mandatory authority under the "law of the circuit" doctrine. Consequently Seacoast is a wholly inappropriate basis for imposing a non-discretionary duty upon EPA, leaving Dominion unable to establish two of the three elements of its CWA section 505(a) citizen suit claim.

## CONCLUSION

For the reasons described above and in EPA's opening brief, the Court should dismiss this case for lack of subject matter jurisdiction and for failure to state a claim on which relief can be granted.

Dated: March __, 2005

Respectfully submitted,

THOMAS L. SANSONETTI
Assistant Attorney General
Environment and Natural Resources Division

_/s/ Heather E. Gange_
HEATHER E. GANGE
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
P.O. Box 23986
Washington, DC 20026-3986
(202) 514-2191

Counsel for Defendants U.S. Environmental Protection Agency, EPA Region One, and EPA acting Administrator Stephen L. Johnson

---

[13] EPA stands by its excerpt from Murphy v. United States, 45 F.3d at 522, as both an accurate quotation and an accurate statement of law. Memorandum at 6.

15

**CERTIFICATE OF SERVICE**

I hereby certify that true and correct copies of the foregoing Reply Memorandum in Support of Defendants' Motion to Dismiss, were today served, this ___ day of March 2005, via first class mail, on counsel listed below:

> Wendy B. Jacobs
> John M. Stevens
> Randall E. Kromm
> FOLEY HOAG, LLP
> 155 Seaport Boulevard
> Boston, MA 02210

and a courtesy copy was provided by electronic mail to:

> WJacobs@foleyhoag.com
> RKromm@foleyhoag.com

Heather E. Gange, Esq.